F. E. SMITH *et al.* v. E. P. BURLINGHAM.

REFERENCE OF CAUSE—*Waiver of Objection.* Where a party objects to the reference of a cause, and demands a jury trial, which objection and demand are overruled, but subsequently consents to the appointment of a referee, he will be held to have abandoned his former objection and demand, and to have waived a jury trial, and the right to insist on the error, if any there was, in the first order of the court denying such trial.

*Error from Lyon District Court.*

THE opinion contains a sufficient statement of the case.

*J. A. Smith,* for plaintiffs in error.
*Cunningham & McCarty,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: E. P. Burlingham, who was a general agent of the New York Life Insurance Company, engaged W. R. Smelser to solicit applications for insurance on the lives of persons acceptable to the company, and to collect and pay over premiums on such insurance, when effected. Smelser executed and delivered a bond in the sum of $1,000 to Burlingham, with F. E. Smith and E. N. Weaver as sureties, conditioned that he would faithfully carry out his engagements and pay over to Burlingham the moneys received by him as premiums. Smelser procured numerous persons to take out insurance policies, and collected the premiums thereon; and failing to account and pay over to Burlingham the moneys so received, this action was brought, in which it was alleged that there was due from Smelser to Burlingham the sum of $3,381.83. Judgment for that amount was asked against Smelser, and against the sureties upon the bond to the extent of their liability.

When the case came on for trial, the plaintiff below requested the court to refer the case, for the reason that it involved the taking of a long account between the parties. The

defendants Smelser and Weaver consented to a reference, but the defendant Smith objected, and demanded a jury trial. The objection and demand were overruled, and the cause referred. The report of the referee showed a balance due from Smelser to Burlingham of $1,408.13, for which judgment was rendered against Smelser, and a judgment for $1,000 was given against Smith and Weaver, the sureties upon Smelser's bond. Error is assigned on the ruling of the court appointing a referee.

The plaintiffs in error are not in a position to question the authority of the court to compel a reference of the cause. The pleadings showed that a somewhat long and intric~'~ account must be examined, but the question of whether ~- pulsory reference could be made by the court is not neces. involved in the case, and will not be decided. It is true that Smith at first objected to a reference, and demanded a jury trial, but it further appears from the record that he, with all the other parties, subsequently consented that a referee should be appointed, and the person so agreed upon by them was appointed by the court and served as referee. Instead of insisting upon and availing himself of his objection and demand, he joined with the other parties and consented to the appointment of a referee. The two positions are absolutely inconsistent, and in taking the latter he must be held to have abandoned his former objection and demand. The subsequent consent and agreement to the appointment of a referee constituted a waiver of any right to a trial by jury which he might have, and cured the error, if any there was, in the first order of the court denying the demand for a jury trial.

The judgment of the district court will be affirmed.

All the Justices concurring.